IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARION GARFIELD HATHCOCK, #331908, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:25-CV-664-MHT-CSC |
| CORR. OFFICER CANTEE, et al., | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Marion Garfield Hathcock, an inmate proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983. Doc. 1. Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED prior to service of process as time-barred.

**I.    THE COMPLAINT**

The Complaint alleges that, on February 19, 2023, while incarcerated at Easterling Correctional Facility, "Correctional Officer Cantee deliberately caused [Plaintiff's] eye to be cut and [his] pelvis to be broken when he slammed another inmate into [him]." Doc. 1 at 2–3. Consequently, Plaintiff believes that the correctional officer "was deliberately

---

[1] Under these statutes, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

indifferent to his safety and security and health needs" in violation of the Eighth Amendment. *Id*. As relief, Plaintiff seeks monetary damages. *Id*. at 4.

## II.   DISCUSSION

Upon review of the allegations in the Complaint, the undersigned determines that Plaintiff's claims are barred by the applicable statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Accordingly, to have his claims heard, Plaintiff must have brought them within two years from the date the limitations period began to run, which is generally the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

The Complaint repeatedly asserts that the alleged actions Plaintiff challenges took place on February 19, 2023. Doc. 1 at 2–3. Thus, on February 19, 2023, the facts supporting Plaintiff's cause of action were apparent or should have been apparent to Plaintiff. However, Plaintiff did not file the instant action until August 17, 2025, approximately six months after the limitations period expired. As such, and because Plaintiff has provided no basis for tolling the statute of limitations, it is clear from the face of the pleadings that his § 1983 claims are time-barred and should be dismissed. *See Smith v. Shorstein*, 217 F.

App'x 877, 880 (11th Cir. 2007) ("The expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)).

### III. CONCLUSION

Because the Complaint is time-barred, the undersigned concludes that any amendment would be futile. *See Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *see also Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that this action be DISMISSED prior to service of process as time-barred.

It is further ORDERED that, on or before **February 5, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 22nd day of January, 2026.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE